**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL LEON HUDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1289 |
| | ) | |
| | ) | Judge Cathy Bissoon |
| PAUL K. SMEAL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

### I.    MEMORANDUM

Pending before the Court is Petitioner Michael Leon Hudson's Petition for Writ of

Habeas Corpus (Doc. 6).  For the reasons stated herein, the Court will deny the Petition.

## BACKGROUND

### A.  Factual Background

On April 22, 1999, Petitioner Michael Leon Hudson was convicted in the Court of

Common Pleas of Allegheny County on one count of burglary, four counts of robbery, one count

of criminal conspiracy, and four counts of simple assault.  On June 15, 1999, Petitioner was

sentenced to an aggregate of 35 to 70 years in prison.

During Petitioner's trial, Valerie Budzinski, a victim of Petitioner's crimes, testified that

she was unable to identify any of the perpetrators of the crimes.  See Trial Tr. 157:21-161:1.

Following Ms. Budzinski's testimony, Petitioner's trial counsel, Leslie Perlow, commented, "I

appreciate your honesty."  Trial Tr. 161:3.  After the jury was dismissed that day, the prosecutor

objected to Ms. Perlow's comment, and the trial court told Ms. Perlow that the comment "was

uncalled for."  Trial Tr. 163:21.

At the opening of proceedings the following day, the trial court addressed the jury as follows:

> Good morning, ladies and gentlemen.
>
> Yesterday, there was a comment made by Ms. Perlow, which I'm going to speak about before we start. Everybody in this Courtroom plays a role. Ms. Nagy's our Court Reporter. She's responsible for making sure the record is maintained and is accurately transcribed. Mr. Clark is the Prosecutor whose job it is to take the cases brought into the system and to put forth that information to a jury or, if a non-jury, to myself.
>
> Ms. Perlow and Mr. Kalocay are Defense Counsel. They represent an individual who's accused. Their job is to put forward their information and make sure that the evidence is put in properly and to represent their clients accordingly. In a jury trial, my sole function is to make sure that the evidence is given to you properly and to make rulings on objections. The function of the jury is fact-finder. As fact-finder, you're going to pass on credibility.
>
> The gratuitous statement by Ms. Perlow yesterday, thanking somebody for their honesty, was precisely that, and it was offensive to me. And I think it should be offensive to you because she was intending or unintentionally going into your particular province as fact-finder.
>
> So I'm going to ask you disregard that remark, and we have already dealt with Ms. Perlow.

Trial Tr. 164:4-165:3. Ms. Perlow did not object to the trial court's statements, the trial proceeded, and Petitioner was convicted and sentenced.

Petitioner appealed the judgment of sentence to the Superior Court of Pennsylvania, raising various arguments, including: that the trial court denied Petitioner a fair and impartial trial by making prejudicial remarks to the jury, that trial counsel provided ineffective assistance of counsel by making the comment that prompted the trial court's remarks and by failing to request a mistrial following the trial court's remarks, and that the trial court erred by not explaining the sentencing guideline ranges and imposing an unreasonable sentence. See

Petitioner's Appeal Brief to Pa. Super. Ct. (Doc. 14-2 at 1-41).  The Superior Court affirmed the judgment of sentence against Petitioner.  <u>Commonwealth v. Hudson</u>, 820 A.2d 720, 2003 PA Super 104 (Pa. Super. 2003).  The Superior Court found that the trial court's remarks were proper and did not prejudice Petitioner.  <u>Id.</u> at ¶ 11.  The Superior Court also found that Petitioner's ineffective assistance of counsel claims failed because trial counsel's comment did not create a reasonable probability that the outcome of the proceeding would have been different. <u>Id.</u> at ¶¶ 17-19.  Finally, the Superior Court found that Petitioner waived his right to challenge the discretionary aspects of his sentence because his appellate brief did not include a "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," which is required by Pennsylvania Rule of Appellate Procedure 2119(f). <u>Id.</u> at ¶¶ 20-21.

Petitioner filed a Petition for Allowance of Appeal (Doc. 14-4 at 1-31) in the Supreme Court of Pennsylvania, and the Supreme Court denied the Petition.  <u>See</u> Allocatur Docket Sheet, 185 WAL 2003 (Doc. 14-3 at 19).

Petitioner subsequently filed a Petition under Pennsylvania's Post-Conviction Relief Act ("PCRA") and, on July 22, 2005, filed an Amended Petition (Doc. 14-5 at 1-24).  Petitioner raised several issues in his Amended Petition, including a claim that he received ineffective assistance of counsel when his appellate counsel waived Petitioner's right to challenge the discretionary aspects of Petitioner's sentence.  The PCRA court denied the PCRA Petition on July 2, 2007.  Petitioner appealed the PCRA court's decision to the Superior Court of Pennsylvania.  Petitioner's counsel then filed a motion for leave to withdraw as counsel (Doc. 14-6 at 1-16), asserting that Petitioner's claims were without merit.  Petitioner did not respond to his counsel's motion for leave to withdraw.  The Superior Court granted the motion to withdraw

3

and affirmed the PCRA court's denial of Petitioner's Amended PCRA Petition. Memorandum (Pa. Super. Ct. Jan. 28, 2009) Doc. 14-6 at 36-42.

### B.  Procedural Background

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 6) in this Court, asserting four grounds for relief:

1. Petitioner was denied his right to a fair and impartial trial, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, where the trial court made prejudicial remarks directly towards the jury which essentially instructed the jury to be offended by comments made by Petitioner's trial counsel to a prosecution witness concerning the witness's veracity;

2. Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, where Petitioner's trial counsel made a statement to a prosecution witness concerning the witness's veracity, which led the trial court to admonish trial counsel before the jury;

3. Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, where Petitioner's trial counsel failed to move for a mistrial after the trial court made several prejudicial remarks to the jury which deprived Petitioner of a fair and impartial trial;

4. Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, where Petitioner's appellate counsel waived Petitioner's right to seek review of his sentence on direct appeal.

Respondents assert that Petitioner failed to exhaust his claims in state court, that Petitioner's claims are procedurally defaulted, and that Petitioner's claims fail on the merits.

## ANALYSIS

### A.  Exhaustion and Procedural Default

Respondents contend that this Court may not consider the merits of any of Petitioner's claims because they are unexhausted and procedurally defaulted. A federal court may consider habeas corpus applications only where "it appears that the applicant has exhausted the remedies available in the courts of the State." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)

(quoting 28 U.S.C. § 2254(b)).  "The exhaustion rule requires applicants to 'fairly present' federal claims to state courts before bringing them in federal court."  Id. (citing Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997)).  To "fairly present" a federal claim, a petitioner must put state courts on notice that a federal claim is being asserted, and it is insufficient to present a "somewhat similar state-law claim."  Id. at 261 (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)).

When a claim has not been "fairly presented" to the state courts and state procedural rules bar the applicant from seeking further relief in state courts, the claim is procedurally defaulted. Id. at 260.  A federal court may excuse a procedural default and consider the merits of such a claim only if the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice."  Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

1.  Claim 1 – Alleged Denial of Right to Fair and Impartial Trial Due to Trial Court's Comments

Petitioner contends that he was denied the right to a fair and impartial trial under the Sixth Amendment because of the trial court's remarks to the jury.  In Petitioner's direct appeal of the judgment of sentence against him, Petitioner raised the issue of "[w]hether the trial court denied [Petitioner] a fair and impartial trial by making prejudicial remarks directly to the jury." Petitioner's Appeal Br. in Pa. Super. Ct. 6 (Doc 14-2 at 11).  Petitioner relied only on Pennsylvania law.  See id. at 16-28 (Doc. 14-2 at 21-34).  In Petitioner's Petition for Allowance of Appeal to the Pennsylvania Supreme Court, Petitioner presented the issue as "[w]hether the Superior Court rendered an opinion that is not in accordance with applicable decisions by [the Pennsylvania Supreme Court] by failing to recognize relevant [Pennsylvania] Supreme Court precedent and ruling that prejudicial comments made by the trial court during the course of trial

did not deny Petitioner, Michael Hudson, a fair and impartial trial." Petition for Allowance of

Appeal 4 (Doc. 14-4 at 7). Petitioner again relied only on Pennsylvania law. See id. at 11-25

(Doc. 14-4 at 14-28).

Petitioner in his state court proceedings never raised a federal claim with respect to his

Sixth Amendment right to a fair trial, and presentation of a "somewhat similar state-law claim" is

insufficient to fairly present a federal claim to the state courts. McCandless, 172 F.3d at 261.

References to the concept of a "fair trial" are insufficient to present a federal issue. Keller v.

Larkins, 251 F.3d 408, 414 (3d Cir. 2001). Petitioner, therefore, did not fairly present this

federal claim to the state courts. Further, Petitioner procedurally defaulted this claim, because

the time for Petitioner to seek post-conviction relief in Pennsylvania state courts has expired.

See 42 Pa. C.S. § 9545(b) (requiring PCRA petitions to be filed within one year of final

judgment).

In response to Respondents' procedural default argument, Petitioner does not contend

that any cause and prejudice or fundamental miscarriage of justice excuses his procedural

default. See Petitioner's Reply 32-34 (Doc. 18 at 40-42) (arguing only that Petitioner did not

procedurally default his claims because they were fairly presented to the state courts). This

Court, therefore, may not consider the merits of Claim 1 of Petitioner's habeas corpus petition.[1]

See McCandless, 172 F.3d at 260.

### 2. Claims 2 and 3 – Alleged Ineffective Assistance of Trial Counsel

Respondents contend that Petitioner in his state court proceedings did not present federal

claims for ineffective assistance of trial counsel, and that Petitioner therefore has not exhausted

Claims 2 and 3. In Petitioner's state court proceedings, Petitioner relied only on Pennsylvania

---

[1]   Even if the Court were to consider the merits of Claim 1, Petitioner's claim would fail
because he has not demonstrated that he suffered any prejudice from the trial court's
comments, as explained herein for Claim 2. See infra, Part B.1.

case law with respect to his ineffective assistance of trial counsel claims.  See Petitioner's Br. in

Pa. Super. Ct. 29-33 (Doc. 14-2 at 35-39); Petition for Allowance of Appeal 26 (Doc. 14-4 at

29).  Ineffective assistance claims under the Pennsylvania Constitution are analyzed under the

same standard used for ineffective assistance claims under the United States Constitution.  See,

e.g., Commonwealth v. Tedford, 960 A.2d 1, 12 (Pa. 2008); Commonwealth v. Pierce, 527 A.2d

973, 976 (Pa. 1987); Boyd v. Waymart, 579 F.3d 330, 334 n.2 (3d Cir. 2009) (en banc) (Scirica,

J., concurring).  Further, the Superior Court, in deciding Petitioner's direct appeal, referenced the

Sixth Amendment.  Hudson, 820 A.2d at 725, 2003 PA Super 104, at ¶ 13.  Petitioner, therefore,

fairly presented federal ineffective assistance of trial counsel claims to the state courts by

"reliance on state cases employing constitutional analysis in like fact situations," and by

asserting those claims "in terms so particular as to call to mind a specific right protected by the

Constitution."  Nara v. Frank, 288 F.3d 187, 198 (3d Cir. 2007).  Petitioner exhausted his federal

ineffective assistance of trial counsel claims in the state courts.

      3.  Claim 4 – Alleged Ineffectiveness of Appellate Counsel

      In his amended PCRA petition, Petitioner raised the issue of ineffectiveness of his

appellate counsel.  See Am. PCRA Petition 16-18 (Doc. 14-5 at 16-18).  After the PCRA court

denied the petition, Petitioner raised his ineffectiveness of appellate counsel claim in an appeal to

the Superior Court.  See Concise Statement of Matters Complained of on Appeal (Doc. 14-6 at

17-19).  For the same reasons explained for Claims 2 and 3, Petitioner presented a federal claim

for ineffective assistance of appellate counsel, despite reliance only on state case law.

      Respondents assert that Petitioner did not exhaust Claim 4 because Petitioner did not

respond to his PCRA appellate counsel's motion to withdraw, which asserted that Petitioner's

claims were without merit.  Petitioner, nonetheless, exhausted this claim because the Superior

Court considered the merits of the claim.  See Memorandum 6 (Pa. Super. Ct. Jan. 28, 2009)

(Doc. 14-6 at 41) (finding that none of Petitioner's issues have merit).  Petitioner's failure to respond to his counsel's motion to withdraw does not render his claim unexhausted.

### B.  **Merits**

This Court may grant Petitioner's application for a writ of habeas corpus only if the state courts' adjudication of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In order to establish a Sixth Amendment ineffective assistance of counsel claim, Petitioner must establish that trial counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Establishing the requisite prejudice requires demonstration of "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different."  Id. at 694.

### 1.  Claim 2 – Alleged Ineffectiveness of Trial Counsel for Making Remarks

Respondents contend that Petitioner cannot demonstrate prejudice resulting from trial counsel remarking, "I appreciate your honesty," following Ms. Budzinski's testimony.  Petitioner asserts that a reasonable probability exists that he would not have been found guilty if trial counsel had not made the comment.  Petition A-13 (Doc. 6 at 28).  According to Petitioner, trial counsel's comment "started a chain of events" resulting in the trial court instructing to the jury that trial counsel's comments "should be offensive to you," and that "we have already dealt with Ms. Perlow."  See id.  Petitioner asserts that the trial court's remarks improperly discredited Ms.

Budzinski and "ratified the veracity" of other witnesses who identified Petitioner as one of the assailants.  Id. at A-8 - A-10 (Doc. 6 at 23-25).

The Pennsylvania Superior Court, the highest state court to consider the merits of Petitioner's ineffective assistance of trial counsel claims, found that the trial court's remarks were not prejudicial.  The Superior Court explained:

> Although the judge was critical of Ms. Perlow, his criticism was directed toward her individually and not toward Hudson.  We fail to see how the court's remarks can be viewed as projecting an adverse inference upon the defendant or his case.  The instructions did not, as Hudson argues, reflect the court's opinion as to the credibility of Ms. Budzinski or any other witness.  The effect upon the jury of either Ms. Perlow's remark or the trial court's instructions, if there was any at all, would have been slight.  We have no doubt that this isolated incident could not have had a substantial influence on the outcome of the case, especially given the overwhelming evidence of Hudson's guilt.  On this record, there was no prejudice to Hudson and his argument fails.

Hudson, 820 A.2d at 724-25, 2003 PA Super 104, at ¶ 11.

The Superior Court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law, and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The trial court's comments harshly criticized trial counsel, but did not reflect any opinion regarding Ms. Budzinski's credibility and instructed the jury that it was their responsibility to "pass on credibility."  Trail Tr. 164:22.

Even accepting arguendo Petitioner's contention that the trial court's comments discredited Ms. Budzinski, Petitioner has not demonstrated a reasonable probability that the outcome of his trial would have been different if trial counsel did not make the remark that led the trial court to make the remarks that purportedly discredited Ms. Budzinski.  Two other witnesses identified Petitioner as the perpetrator of the crimes for which he was convicted.  See

Trial Tr. 35:6-25 (testimony of Mabel McKenzie), 101:21-102:8 (testimony of Oneaca Bonifate).

Ms. Budzinski's testimony did not contradict the testimony of those two witnesses.

Ms. Budzinski did not testify that Petitioner was not a perpetrator of those crimes – she testified

only that she was unable to identify the perpetrators of those crimes.  See Trial Tr. 157:21-161:1.

Because Petitioner has not demonstrated that his defense was prejudiced by trial counsel's

remark following Ms. Budzinski's testimony, Petitioner is not entitled to relief on Claim 2 of his

Petition.

   2.   Claim 3 – Alleged Ineffective Assistance of Trial Counsel for Failing to Move for a
        Mistrial

       Petitioner cannot demonstrate that trial counsel's failure to move for a mistrial following

the trial court's remarks fell below an objective standard of reasonableness, and cannot

demonstrate a reasonable probability that the outcome of his trial would have been different if

trial counsel had done so.  The Superior Court determined, based on state law, that the trial

court's remarks were "proper in all respects."  Hudson, 820 A.2d at 726, 2003 PA Super 104, at

¶ 18.  The trial court's remarks, therefore, could not have been the proper basis for a new trial,

and trial counsel could not have been ineffective for failing to raise a meritless motion for a

mistrial.  For similar reasons, Petitioner cannot demonstrate prejudice from trial counsel's failure

to move for a mistrial; since the trial court's remarks were proper as a matter of state law, any

motion for a mistrial would have been denied.  Petitioner, therefore, is not entitled to relief on his

ineffectiveness of trial counsel claim based on trial counsel's failure to move for a mistrial

(Claim 3).

   3.   Claim 4 – Alleged Ineffectiveness of Appellate Counsel

       Petitioner cannot demonstrate prejudice resulting from appellate counsel's waiver of

Petitioner's right to challenge the discretionary aspects of Petitioner's sentence.  In Petitioner's

direct appeal, Petitioner contended that the trial court did not follow proper procedures by failing to acknowledge, on the record, the proper sentencing guideline ranges and the court's reasons for exceeding those ranges.  See Hudson, 820 A.2d at 727, 2003 PA Super 104, at ¶ 20.  The Superior Court did not decide the merits of Petitioner's argument, because the court found that Petitioner waived the argument by failing to follow proper procedures for challenging discretionary aspects of a sentence.  Id. at 727, ¶¶ 20-21.

When Petitioner later raised his ineffective assistance of appellate counsel claim in his PCRA petition, the PCRA court found that the trial court followed the proper procedures in imposing Petitioner's sentence.  The PCRA court concluded that Petitioner, therefore, could not show that he would have been successful on his direct appeal if appellate counsel had not waived Petitioner's right to challenge the sentence.  Opinion 10 (Pa. Ct. Common Pleas, Allegheny Cnty. Aug. 21, 2008) (Doc. 14-5 at 38).  The Superior Court agreed.  Memorandum 6 (Pa. Super. Ct. Jan. 28, 2009) (Doc. 14-6 at 41).

If appellate counsel had not waived Petitioner's right to challenge the discretionary aspects of Petitioner's sentence, the Superior Court would have decided the merits of Petitioner's argument on his direct appeal.  The PCRA court and Superior Court's decisions on Petitioner's PCRA petition make clear that, under Pennsylvania law, Petitioner's argument would not have succeeded on direct appeal, even if the Superior Court had decided it on the merits.  Petitioner, therefore, cannot demonstrate that any prejudice resulted from his appellate counsel's waiver of Petitioner's right to challenge the discretionary aspects of Petitioner's sentence, and Petitioner is not entitled to relief on his ineffectiveness of appellate counsel claim (Claim 4).[2]

---

[2]   If Petitioner had been successful in his appeal, which challenged the trial court's compliance with 42 Pa. C.S. § 9721(b), he would have been entitled to a new sentencing hearing.  See 42 Pa. C.S. § 9721(b).  From the PCRA court's opinion with respect to Petitioner's PCRA

### C. **Certificate of Appealability**

Finally, a certificate of appealability is denied with respect to Claim 1 because jurists of reason would not find it debatable whether Claim 1 was procedurally defaulted.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).  With respect to Claims 2, 3, and 4, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2). Because Petitioner has not made such a showing, a certificate of appealability is denied with respect to Claims 2, 3, and 4.

## **CONCLUSION**

For all of the reasons stated above, Petitioner's Petition for a Writ of Habeas Corpus (Doc. 6) is denied.

## II.   **ORDER**

For the reasons stated above, the Court hereby **ORDERS** that Petitioner Michael Leon Hudson's Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

June 26, 2012

---

Petition, it is clear that the trial court would have imposed the same sentence on remand if the Superior Court had found the initial sentencing hearing procedurally deficient.  See Opinion 10-13 (Pa. Ct. Common Pleas, Allegheny Cnty. Aug. 21, 2008) (Doc. 14-5 at 38-41).  For this additional reason, Petitioner cannot demonstrate prejudice resulting from appellate counsel's waiver.

cc:

Michael Leon Hudson (via First-Class U.S. Mail)
All counsel of record (via CM/ECF e-mail).